UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KENYA HALL,

Plaintiff,

v.

JAMES DZURENDA, et al.,

Defendants.

Case No. 2:24-cv-01532-JAD-MDC

**ORDER**

This action began with a pro se civil-rights complaint filed under 42 U.S.C. § 1983 by a former state prisoner. In compliance with this Court's order, Plaintiff has submitted an application to proceed in district court without prepaying fees or costs following his release from prison. (ECF Nos. 19, 20). Based on the financial information provided, the Court grants Plaintiff leave to proceed without prepayment of fees or costs under 28 U.S.C. § 1915(a)(1).[1]

On December 12, 2025, the Court entered a screening order. (ECF No. 14). The screening order imposed a stay, and the Court entered a subsequent order assigning the case to mediation by a court-appointed mediator. (ECF Nos. 14, 17). The parties did not reach a settlement during mediation. (ECF No. 18).

When Plaintiff filed his application to proceed in district court without prepaying fees or costs following his release from prison, he also filed a proposed second amended complaint. (ECF No. 21). Plaintiff did not file a motion seeking leave to file the proposed second amended complaint. The proposed second amended complaint contains very few details and instead relies on broad allegations that Plaintiff did not receive appropriate medical care while he was incarcerated. The proposed second amended complaint appears to reference some claims that Plaintiff brought in the First Amended Complaint,

[1] Plaintiff is not subject to the requirements of 28 U.S.C. § 1915(a)(2), (b) because he is no longer a "prisoner" within the meaning of the statute. *See* 28 U.S.C. § 1915(h).

as well as some additional claims. It is not clear whether Plaintiff thought that he had to file a proposed second amended complaint together with his application to proceed in district court without prepaying fees or costs following his release from prison. Nor is it clear whether Plaintiff wants his proposed second amended complaint to replace the First Amendment Complaint, or whether he wants the Court to consider them together as a single complaint. Because the proposed second amended complaint appears to be incomplete, lacking the specific factual details necessary to proceed with a civil action, and Plaintiff did not file a motion seeking leave to file the proposed second amended complaint, the Court does not accept the proposed second amended complaint. The First Amended Complaint filed at ECF No. 9 remains the operative complaint in this case.

If Plaintiff wishes to file a second amended complaint, he must file a motion seeking leave to file a second amended complaint, together with a proposed second amended complaint. Plaintiff is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

Furthermore, the Court notes that Plaintiff may not use an amended complaint to add new claims against new defendants in this case**.** Plaintiff should note that complaints cannot be amended to add unrelated claims or new claims that occurred after the original complaint. *See e.g., Hill v. Marciano,* No. 20-cv-01717-JAD-DJA, 2021 WL 8016909, at *5 (D. Nev. July 30, 2021) ("Hill may not amend the complaint to add unrelated claims against other defendants or new claims or events that took place after the original complaint was filed."); *Langford v. Dzurenda*, No. 19-cv-00010-RCJ-WGC, 2020 WL

1815824, at *1 (D. Nev. April 9, 2020) ("Plaintiff does not have leave to include in the amended complaint any unrelated claims against other defendants, and an amended complaint may not include any allegations concerning events that have transpired since he filed his original complaint.") (emphasis in original); *Wilcox v. Portfolio Recovery Assocs., LLC*, No. 20-cv-01545-JAD-NJK, 2022 WL 1908863, at *3 (D. Nev. June 3, 2022) ("The Wilcoxes may not amend the complaint to add unrelated claims against other defendants, replead claims that were previously dismissed with prejudice, or include new claims based on events that have taken place since the original complaint was filed."). If Plaintiff has new claims that he wishes to bring against different defendants, he must bring those claims in a new case. For now, plaintiff is informed that the operative complaint is his FIRST AMENDED COMPLAINT (ECF No. 9).

For the foregoing reasons, **IT IS ORDERED** that:

1. Plaintiff's application to proceed in district court without prepaying fees or costs (ECF No. 20) is **GRANTED**.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

3. The Clerk of Court is directed to electronically **SERVE** a copy of this order and a copy of Plaintiff's First Amended Complaint (ECF No. 9) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

4. Service must be perfected within 90 days from the date of this order under Federal Rule of Civil Procedure 4(m).

5. Subject to the findings of the screening order (ECF No. 14) within 21 days of the date of entry of this order, the Attorney General's Office must file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As

to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office must file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

6. If service cannot be accepted for any of the named defendant(s), Plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff must provide the full name and address for the defendant(s).

7. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the First Amended Complaint (ECF No. 9) within 60 days from the date of this order.

8. Plaintiff must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion, or other document Plaintiff submits for the Court's consideration. If Plaintiff electronically files a document with the Court's electronic filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. But if Plaintiff mails the document to the Court, Plaintiff must include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendant(s) or their attorney(s). If counsel has entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk or fails to include a certificate showing proper service when required.

9. The Court does not accept the proposed second amended complaint filed at ECF No. 21 as the operative complaint in this case. If Plaintiff wishes to file a second

amended complaint, he must file a motion seeking leave to file a second amended complaint, together with a proposed second amended complaint.

10. This case is no longer stayed.

DATED: October 15, 2026

UNITED STATES MAGISTRATE JUDGE